Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Writ of Summons                          Case ID: CAL18-38721

State of Maryland, Prince George's County to wit:

To:   Washington Metropolitan Area Transit Authority
      Serve Patricia Lee
      600 Fifth Street N W
      Washington, DC 20001

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed by:
WANDA HAWKINS
3904 ENDERS LANE
BOWIE MD 20716

Within 60 days after service of this summons upon you.

WITNESS: the Honorable Clerk of the Circuit Court for Prince George's County, Maryland.

Date issued: November 16, 2018

_____
Clerk
#69

To the person summoned:
1. Personal attendance in court on the day named is not required.
2. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
3. Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Sheriff's Return

Fee $_____                          Sheriff _____

Note:
1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126. If this summons is served by private process, the process server shall file a separate affidavit as requiredby Rule 2-126 (a).
4. Direct your responses and questions to Circuit Court for Prince George's County, Clerk of the Circuit Court, 14735 Main Street, Courthouse D1002, Upper Marlboro, MD 20772-9987. Legal advice cannot be obtained from this office.

IN THE CIRCUIT COURT FOR Prince George's County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

FORM FILED BY: ☒PLAINTIFF  ☐DEFENDANT   CASE NUMBER CAL18-38721 (Clerk to insert)

CASE NAME: Wanda Hawkins vs. WMATA, et al.
              Plaintiff                    Defendant

PARTY'S NAME: Wanda Hawkins       PHONE:
PARTY'S ADDRESS: 3904 Enders Lane Bowie MD 20716
PARTY'S E-MAIL:

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: JOHN R. WEBSTER, JR., ESQ.   PHONE: 301-855-3100
PARTY'S ATTORNEY'S ADDRESS: PO Box 364 Dunkirk MD 20754
PARTY'S ATTORNEY'S E-MAIL: jwebster@tvmikemillerpa.com

JURY DEMAND? ☒Yes ☐No
RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known:
ANTICIPATED LENGTH OF TRIAL?: ___ hours  3 days

### PLEADING TYPE

New Case: ☐Original   ☐Administrative Appeal  ☐Appeal
Existing Case: ☐Post-Judgment  ☐Amendment
*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt:
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☒ Negligence
☐ Nuisance
☒ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)                Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated Liability above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|
| ☐ Under $10,000    ☐ $10,000 - $30,000    ☒ $30,000 - $100,000    ☐ Over $100,000 |
| ☒ Medical Bills $ 40,000    ☒ Wage Loss $ 10,000    ☒ Property Damages $ 5,000 |
| **ALTERNATIVE DISPUTE RESOLUTION INFORMATION** |
| Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)<br>A. Mediation    ☐Yes  ☐No          C. Settlement Conference    ☐Yes  ☐No<br>B. Arbitration   ☐Yes  ☐No          D. Neutral Evaluation         ☐Yes  ☐No |
| **SPECIAL REQUIREMENTS** |
| ☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041** |
| ☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049** |
| **ESTIMATED LENGTH OF TRIAL** |
| With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.                    *(Case will be tracked accordingly)*<br>    ☐ 1/2 day of trial or less          ☐ 3 days of trial time<br>    ☐ 1 day of trial time               ☐ More than 3 days of trial time<br>    ☐ 2 days of trial time |
| **BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM** |
| *For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*<br>    ☐ **Expedited**- Trial within 7 months of          ☐ **Standard** - Trial within 18 months of<br>              Defendant's response                                Defendant's response |
| EMERGENCY RELIEF REQUESTED |

# COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff _____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

October 22, 2018
Date

PO BOX 364
Address

DUNKIRK MD 20754
City    State    Zip Code

*Signature of Counsel / Party*

JOHN R WEBSTER, JR., ESQ
Printed Name

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| WANDA HAWKINS<br>3904 Enders Lane<br>Bowie, Maryland 20716 | *<br><br>*<br><br> |
| Plaintiff | * |
| v. | *    Civil Action No: CAL18-38721 |
| | * |
| WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY<br>600 Fifth Street, N.W.<br>Washington, D.C. 20001 | <br><br>*<br><br>* |
| SERVE: PATRICIA LEE<br>Office of General Counsel<br>600 Fifth Street, N.W.<br>Washington, D.C. 20001 | <br><br>* |
| And | * |
| | * |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION<br>1 Massachusetts Avenue, N.W.<br>Washington, D.C. 20001 | <br>*<br><br>* |
| SERVE: CT CORPORATION<br>1015 15th Street, N.W.<br>Washington, D.C. 20005 | *<br><br>* |
| And | * |
| CLARK CONSTRUCTION GROUP, LLC<br>7500 Old Georgetown Road<br>Bethesda, MD 20814 | *<br><br>* |
| SERVE: Resident Agent<br>The Corporation Trust<br>2405 York Rd., #201<br>Lutherville, MD 21093 | *<br><br>*<br>* |
| Defendant(s) | * |

## COMPLAINT

COMES NOW, the Plaintiff, WANDA HAWKINS, by and through counsel, John R. Webster, Jr., Esq. and Thomas V. Mike Miller, Jr., P.A., who files suit against the Defendants, Washington Metropolitan Area Transit Authority (hereinafter "WMATA"), National Railroad Passenger Corporation (hereinafter "Amtrak") and Clark Construction Group, LLC (hereinafter "Clark Construction"), and in support thereof states as follows:

### JURISDICTION AND VENUE

1. Venue in this Court is proper as all of the negligent acts and/or omissions complained of herein occurred in Prince George's County, Maryland.

### PARTIES

2. Plaintiff, Wanda Hawkins, is an adult citizen of the State of Maryland, and resides in Prince George's County, Maryland.

3. Defendant, WMATA, is a tri-jurisdictional government agency created by Congress by way of the WMATA Compact.

4. At all times relevant herein, the Defendant, WMATA, was the owner and operator of a railway transit system, with multiple railway stations and lines located throughout the State of Maryland.

5. At all times relevant herein, the Defendant, WMATA, was the owner and operator of the railway transit station, known as the New Carrollton Metro Station, located at 4700 Garden City Drive, New Carrollton, Maryland 20784.

6. At all times relevant herein, Defendant, WMATA, through its duly authorized agents,

2

servants and/or employees, provided public transportation services throughout the State of Maryland and maintained its principal place of business within the District of Columbia.

7. The provision of mass transportation services, including the duties and responsibilities that accompany such services, is a proprietary function within the meaning of the WMATA Compact.

8. Pursuant to Section 80 of the WMATA Compact, Defendant, WMATA, shall be held liable for its negligent acts and/or omissions, including those of its agents, servants and/or employees, committed in the conduct of any proprietary function. Md. Code Ann., Transp. § 10-204(80).

9. The Defendant, National Railroad Passenger Corporation, ("Amtrak"), operates a train station at 4300 Garden City Drive, New Carrollton, Maryland, whose main business address is in the District of Columbia.

10. The Defendant, Clark Construction Group, LLC, operates a construction business and also has a Maryland address of 7500 Old Georgetown Road, Bethesda, Maryland 20814.

11. That at all times referred to herein, the Defendant, Clark Construction Group, LLC, had a contract with WMATA to repair, among other things, train platforms, including complex platforms, structural slab and tile replacement, located along the Orange Line, including the train station located at 4700 Garden City Drive, New Carrollton, Maryland 20784.

3

## STATEMENT OF FACTS

12. That Plaintiff, Wanda Hawkins, realleges the facts and allegations set forth in paragraphs 1-11 of this Complaint.

13. That on October 23, 2015 at approximately 8:15 a.m., Plaintiff, Wanda Hawkins, entered Defendant WMATA's New Carrollton Metro Station located at 4700 Garden City Drive, New Carrollton, Prince George's County, Maryland.

14. At that point and time she proceeded up the escalator to the platform heading for the Metro trains to commute to work.

15. On that date and on that same time, while intending to board the metro train heading towards the District of Columbia, Plaintiff tripped on a broken paver (tile) on the second floor platform leading to the metro trains, thereby causing her to fall and sustain injuries.

16. That the Plaintiff, Wanda Hawkins, was lawfully on the premises owned and/or maintained by Defendant, WMATA, and had the status of a business invitee.

17. That before the Plaintiff's fall on October 23, 2015, as described herein Defendant, WMATA, individually, and by and through its agents, servants, and/or employees, possessed actual or constructive knowledge of the damaged paver (tile) located on the second floor platform leading to the metro trains, which created a dangerous, hazardous, and unsafe condition and this was a proprietary function.

18. That Defendant, WMATA, individually, and by and through its agents, servants, and/or employees, knew or should have known about the dangerous, hazardous, and unsafe condition on the second floor platform prior to the Plaintiff's fall, and this was

4

a proprietary function.

19. That the Defendant, WMATA, individually and/or by and through its agents, servants and/or employees attempted to repair said defective area prior to October 23, 2015 and failed to do so properly or in a workman like manner, and this was a proprietary function.

20. That the Defendant, WMATA, individually and/or by and through its agents, servants and/or employees failed to put any cones or safety tape around the damaged and/or defective paver (tile), even though the Defendant, WMATA, knew or should have known that it created a danger to all business invitees attempting to use their Metro trains and this was a proprietary function.

21. That the Defendant, Clark Construction Group, LLC, individually, and/or by and through their agents, servants, and/or employees, knew or should have known about the dangerous, hazardous, and unsafe condition on the second floor platform prior to the Plaintiff's fall.

22. That the Defendant, Clark Construction Group, LLC, individually, and/or by and through their agents, servants, and/or employees attempted to repair said defective area prior to October 23, 2015 and failed to do so properly or in a workman like manner.

23. That the Defendant, Clark Construction Group, LLC, individually, and/or by and through their agents, servants, and/or employees failed to put any cones or safety tape around the damaged and/or defective paver (tile), even though the Defendant, Clark Construction Group, LLC, knew or should have known that it created a danger to all

5

business invitees attempting to use the Metro trains.

## COUNT I
## (Negligence)

24. That Plaintiff, Wanda Hawkins, realleges the facts and allegations set forth in the Introduction and paragraphs above (1-23), and further states as follows:

25. That at all times herein the Defendants, WMATA and Clark Construction Group, LLC, individually and/or by and through their agents, servants and/or employees had a duty to provide a safe walking surface for business invitees using the second floor platform that would not create a dangerous, hazardous, or unsafe condition, to maintain the second floor platform in a safe condition, to rid the second floor platform of all dangerous, hazardous, and unsafe conditions, to warn the Plaintiff of all dangerous, hazardous, and unsafe conditions in a timely and complete manner, and otherwise act in a non-negligent manner.

26. That the Defendants, WMATA and Clark Construction Group, LLC, individually, and/or by and through their agents, servants, and/or employees, breached the aforementioned duties owed to Plaintiff in failing to maintain the second floor platform in a safe condition, in failing to rid the subject area of the second floor platform of all dangerous, hazardous, and unsafe conditions, and in failing to warn the Plaintiff of all dangerous, hazardous, and unsafe including the subject area of the damaged/defective paver (tile) in a timely and complete manner, and otherwise acted in a negligent manner.

27. That the negligence of Defendants, WMATA and Clark Construction Group, LLC, individually, and/or by and through their agents, servants, and/or employees, was the

direct and proximate cause of the accidental injuries sustained by the Plaintiff, Wanda Hawkins, on October 23, 2015.

28. That as a direct and proximate result of the negligence of the Defendants, WMATA and Clark Construction Group, LLC, individually, and/or by and through their agents, servants, and/or employees, the Plaintiff suffered severe, painful and permanent injuries to her body, as well as severe shock to her nervous system, all of which have caused and will continue to cause her great pain, suffering, mental anguish, and non-economic damages.

29. That as a direct and proximate result of the negligent actions of the Defendants, WMATA and Clark Construction Group, LLC, individually, and/or by and through their agents, servants, and/or employees, Plaintiff has been forced to expend and will continue to expend in the future large sums of money from hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff.

30. That as a direct and proximate result of the negligent actions of the Defendants, the Plaintiff was forced to lose time from her employment and suffered a loss of wages.

31. That at no time relevant hereto was the Plaintiff contributorily negligent nor did she assume the risk.

WHEREFORE, Plaintiff, Wanda Hawkins, demands judgment against said Defendants, WMATA and Clark Construction Group, LLC, jointly and severally, in an amount in excess of $75,000.00 plus interest and cost of this suit.

## COUNT II
### (Negligence)

32. That Plaintiff, Wanda Hawkins, reallege the facts and allegations set forth in paragraphs 1-31 of this Complaint.

33. That, in the alternative, on or about October 23, 2015 at approximately 8:15 a.m. the Defendant, Amtrak, was responsible for the safety and maintenance of the second floor platform located at 4700 Garden City Drive, New Carrollton, Maryland leading to the Metro trains operating on the Orange Line from New Carrollton, Maryland through the District of Columbia and ending in the State of Virginia.

34. On that date and on that same time, while intending to board the Metro train heading towards the District of Columbia, the Plaintiff tripped on a broken paver (tile) on a second floor platform leading to the Metro trains thereby causing her to fall and sustain injuries.

35. That the Plaintiff, Wanda Hawkins, was lawfully on the premises maintained by Defendant, Amtrak, and had the status of a business invitee.

36. That before the Plaintiff's fall as described herein, the Defendant, Amtrak, possessed actual/constructive knowledge of the damaged paver (tile) located on the second floor platform leading to the Metro trains, which created a dangerous, hazardous and unsafe condition.

37. That Defendant, Amtrak, knew or should have known about the dangerous, hazardous, and unsafe condition of the second floor platform prior to the Plaintiff's

8

fall.

38. That before the Plaintiff's fall as described herein the Defendant, Amtrak, individually, and/or by and through its agents, servants, and/or employees, possessed actual and/or constructive knowledge that the damaged and/or defective paver on the second floor platform created a dangerous and hazardous condition and/or they knew or should have known about this dangerous and hazardous condition prior to the Plaintiff's fall.

39. That the Defendant, Amtrak, individually and/or by and through its agents, servants, and/or employees attempted to repair said damage and defective area of the second floor platform and failed to do so properly.

40. That the Defendant, Amtrak, individually and/or by and through its agents, servants, and/or employees, failed to put any cones or safety tape around the damaged and/or defective paver (tile), even though the Defendant, Amtrak, knew or should have known that it created a danger to all business invitees attempting to use the Metro trains.

41. At all times herein the Defendant, Amtrak, individually and/or by and through its agents, servants, and/or employees had a duty to provide a safe walking surface for business invitees using the second floor platform leading to the Metro trains that would not create a dangerous, hazardous or unsafe condition, to maintain the second floor platform in a safe condition, to rid the second floor platform of all dangerous, hazardous and unsafe conditions, to warn the Plaintiff of all dangerous, hazardous and unsafe conditions in a timely and complete manner, and otherwise act in a non-

negligent manner.

42. That the Defendant, Amtrak, individually and/or by and through its agents, servants, and/or employees, breached the aforementioned duties owed to the Plaintiff in failing to maintain the second floor platform in a safe condition, in failing to rid the subject area of the second floor platform of all dangerous, hazardous and unsafe conditions, and in failing to warn the Plaintiff of all dangerous, hazardous and unsafe conditions including the subject area of the damaged and/or defective paver in a timely and complete manner and otherwise acted in a negligent manner.

43. That, in the alternative, the negligence of the Defendant, Amtrak, was the direct and proximate cause of the accidental injuries sustained by the Plaintiff, Wanda Hawkins, on October 23, 2015.

44. That as a direct and proximate result of the negligence of the Defendant, Amtrak, by and through its agents, servants and/or employees, the Plaintiff suffered severe, painful and permanent injuries to her body, as well as severe shock to her nervous system, all of which have caused and will continue to cause her great pain, suffering, mental anguish, and non-economic damages.

45. That as a direct and proximate result of the negligent actions of the Defendant, Amtrak, by and through its agents, servants and/or employees, Plaintiff has been forced to expend and will continue to expend in the future large sums of money from hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff.

46. That as a direct and proximate result of the negligence of the Defendant, Amtrak, the

Plaintiff was forced to lose time from her employment and suffered a loss of wages.

47. That at no time relevant hereto was the Plaintiff contributorily negligent nor did she assume the risk.

WHEREFORE, Plaintiff, Wanda Hawkins, demands judgment against Defendant, National Railroad Passenger Corporation (Amtrak), in an amount in excess of $75,000.00 plus interest and cost of this suit.

### JURY DEMAND

Plaintiff, Wanda Hawkins, hereby demands a trial by jury as to all issues in this matter.

Respectfully submitted,

**THOMAS V. MIKE MILLER, JR., P.A.**

JOHN R. WEBSTER, JR., ESQ.
CPF No. 7312010378
P.O. Box 364
Dunkirk, MD 20754
(301) 855-3100
Attorney for Plaintiff
jwebster@tvmikemillerpa.com

| IDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| omplete items 1, 2, and 3.<br>rint your name and address on the reverse<br>so that we can return the card to you.<br>ttach this card to the back of the mailpiece,<br>· on the front if space permits. | A. Signature<br>X Elizabeth E. app   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>ELIZABETH E. TAPP        1-7-19 |
| ticle Addressed to:<br>Ticia Lee<br>ice of general counsel<br>) Fifth St, NW<br>Ashington, DC 20001<br><br>9590 9402 3693 7335 2294 44 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☒ No |
| icle Number (Transfer from service label)<br>7710  0000  5711  ---- | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☒ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation |

**USPS TRACKING #**

9590 9402 3693 7335 2294 44

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box•

John Webster, Jr.
P.O. Box 364
Dunkirk, MD 20754

Hawkins